FILED
CLERK
10/30/2018 4:06 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PATRICK E. UZOEFUNE,

                Plaintiff,

    -against-

AMERICAN AUTO SHIELD, LLC, CARSHIELD
(SCOTT BERNARDO), Authorized Agent,

                Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CV-03441 (JMA)(SIL)

**AZRACK, United States District Judge:**

        On June 12, 2018, *pro se* plaintiff Patrick E. Uzoefune ("plaintiff") commenced this action against American Auto Shield, LLC ("American Auto"), Carshield, and Scott Bernardo ("Bernardo" and collectively, "defendants") alleging state law breach of contract claims together with an application to proceed *in forma pauperis*. For the reasons that follow, the application to proceed *in forma pauperis* is granted. However, the Court *sua sponte* dismisses the complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

### I.    BACKGROUND

        All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

        Although plaintiff submitted his complaint on the Court's civil rights complaint form for claims brought pursuant to 42 U.S.C. § 1983, plaintiff alleges a breach of contract claim in connection with a vehicle service contract. Plaintiff alleges that he is a resident of West Hempstead, New York (Compl. ¶ I.A.) and provides a Lakewood, Colorado address for American

1

Auto, and a St. Peters, Missouri address for CarShield and Bernardo. *(Id.* ¶ I.B.) For relief, plaintiff seeks to recover a damages award in the total sum of $15,500.00. (*Id.* ¶ V.)

## II. DISCUSSION

### A. Standard of Review

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting Twombly, 550 U.S. at 555).

2

**B.      Subject Matter Jurisdiction**

Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; see also Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction bears the burden of proof. DiTolla v. Doral Dental IPA of N.Y., 469 F.3d 271, 275 (2d Cir. 2006).

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (internal quotation marks and citations omitted). A plaintiff properly invokes § 1331 jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). A claim alleging federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n. 10. Here, although plaintiff has submitted his complaint on the Court's Section 1983 complaint form, given

that the defendants are not state actors and that plaintiff's claim is for breach of contract, federal question subject matter jurisdiction is not properly invoked. 28 U.S.C. § 1331. Even affording the *pro se* complaint a liberal construction, the Court cannot discern a colorable federal claim. Accordingly, plaintiff's complaint does not properly invoke subject matter jurisdiction pursuant to Section 1331. Rather, because plaintiff alleges only a state law breach of contract claim against the defendants, the Court next considers whether Section 1332, which provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, applies. 28 U.S.C. § 1332.

To establish diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff and the defendants. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). This means that plaintiff cannot be a citizen of the same state as any of the defendants. St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). Here, plaintiff is an individual who is alleged to reside in West Hempstead, New York, and is thus a citizen of New York for diversity purposes. 28 U.S.C. § 1332(a)(1). Plaintiff alleges that none of the defendants are all domiciled in New York and therefore diversity of citizenship appears to be satisfied.[1] However, to properly invoke diversity subject matter jurisdiction under Section 1332, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Here, plaintiff seeks to recover only $15,500, well below the $75,000 minimum required. (*See* Compl. ¶ V.) Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted

---

[1] Although the complaint does not actually use the term "domicile," given plaintiff's *pro se* status, the Court liberally concludes that diversity of citizenship is satisfied at this early stage in the proceedings.

by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). Given that this Court lacks subject matter jurisdiction under either Section 1331 or Section 1332, the complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

**C.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint. Because there is a lack of subject matter jurisdiction, which could not be cured if afforded an opportunity to amend his complaint, leave to amend the complaint is denied. Plaintiff may, however, pursue any valid claims he may have against the defendants under state law in state court.

### III.     CONCLUSION

For the forgoing reasons, the complaint is *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). The Clerk of the Court is directed to close this case and to mail a copy of this Order to the plaintiff at his last known address.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiff seek leave to appeal *in forma pauperis*, such status for the purpose of an appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**   /s/ (JMA)
                              Joan M. Azrack
Dated:   October 30, 2018                        United States District Judge
           Central Islip, New York